UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **DEMETRIUS WILLIAMS** | **CASE NO. 1:22-CV-02099** |
| **VERSUS** | **JUDGE JERRY EDWARDS, JR.** |
| **WAL-MART LOUISIANA, LLC** | **MAG. JUDGE JOSEPH PEREZ-MONTES** |

**MEMORANDUM RULING**

Before the Court is Wal-Mart Louisiana, LLC's ("Walmart") Motion for Summary Judgment (ECF Doc. No. 24). Plaintiff Demetrius Williams ("Mr. Williams") did not file an opposition to the motion.[1]

For the reasons set forth herein, Walmart's Motion for Summary Judgment will be **GRANTED**.

**I.   FACTS AND PROCEDURAL BACKGROUND**

On June 26, 2021, Mr. Williams was a patron at Walmart store #549 in Alexandria, Louisiana. While walking through the store, Mr. Williams alleges that he tripped over a broken floor tile and injured his back, right arm, and right shoulder.[2]

Mr. Williams filed suit in the Ninth Judicial District Court, Parish of Rapides, State of Louisiana on June 6, 2022. In his petition, Mr. Williams claimed Walmart breached the duties it owed him as a patron pursuant to the merchant premises liability statute, La. R.S. 9:2800.6.[3] Mr. Williams sought damages for severe bodily injury that he suffered as a result of the incident,

---

[1] Mr. Williams was initially represented by counsel before becoming a pro se litigant. (ECF Doc. No. 19). He has since been mailed all notices and pleadings but has failed to file any response. According to this Court's docket sheet, all mailings were successfully delivered to Mr. Williams.
[2] (Petition for Damages, ECF Doc. No. 1-1).
[3] (Petition for Damages, ECF Doc. No. 1-1).

including mental pain and anguish, medical expenses, loss of enjoyment of life, physical disability, loss wages, and loss of earning capacity.[4]

Walmart removed the suit to this Court on July 14, 2022, and filed the instant motion for summary judgment on December 26, 2023.[5] In its Motion, Walmart maintains that Mr. Williams fails to meet his burden of proof in showing that the broken floor tile presented an unreasonable risk of harm at Walmart store #549.[6]

## II.  LAW AND ANALYSIS

### A.  Summary Judgment Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact impacts the outcome of a lawsuit and can be identified through substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could render a verdict for the nonmoving party." *Id.* The court considers "all evidence in the light most favorable to the party resisting the motion." *Seacor Holdings, Inc. v. Commonwealth Ins. Co.*, 635 F.3d 675, 680 (5th Cir. 2011) (internal quotation marks and citation omitted).

"If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013) (internal quotation marks and citation omitted). To satisfy this burden, the nonmoving party must show more than "some metaphysical

---

[4] (Petition for Damages, ECF Doc. No. 1-1).
[5] (Notice of Removal, ECF Doc. No. 1; Walmart's Motion for Summary Judgment, ECF Doc. No. 24).
[6] (Walmart's Motion for Summary Judgment, ECF Doc. No. 24-1).

doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Conclusory allegations and unsubstantiated assertions will not satisfy the [nonmoving party's] burden." *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

A motion for summary judgment will not be granted merely because no opposition is filed. *Day v. Wells Fargo Bank Nat'l Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014) (internal quotation marks and citation omitted). Thus, "[t]he movant has the burden to establish the absence of a genuine issue of material fact and, unless it has done so, the court may not grant the motion, irrespective of whether any response was filed." *Kim Kool Inc. v. Cobra Trucking LLC*, 605 F. Supp. 3d 881, 884 (W.D. La. 2022).

**B. Louisiana Merchant Liability Act, R.S. 9:2800.6**

The law applicable to merchant premise liability matters, such as the one before this Court, is governed by Louisiana Revised Statute § 9:2800.6. *Davis v. Cheema, Inc.*, 171 So. 3d 984, 988 (La. App. 4th Cir. 2015). The relevant portion of the statute provides:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

3

La. R.S. 9:2800.6. The plaintiff bears the burden of establishing a merchant's liability; thus, "failure to prove any [of the statute's elements] is fatal to the [plaintiff's] cause of action." *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1086 (La. 1997).

To assist in interpreting La. R.S. 9:2800.6(B), courts utilize a risk-utility balancing test to determine what is an unreasonable risk of harm. Factors include: "(1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, which includes the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of its social utility or whether it is dangerous by nature." *Bradley v. Wal-Mart Louisiana, LLC*, 340 So. 3d 18, 23 (La. App. 1st Cir. 2021). "Simply put, the trier of fact must decide whether the social value and utility of the hazard outweigh, and thus justify, its potential harm to others." *Williams v. Liberty Mut. Fire Ins. Co.*, 217 So. 3d 421, 425 (La. App. 3d Cir. 2017). Finally, "the absence of an unreasonably dangerous condition implies the absence of a duty on the part of the merchant." *Bradley*, 340 So. 3d at 23.

### C. Analysis

In its Motion, Walmart focuses on the first element of La. R.S. 9:2800.6(B). Specifically, Walmart contends that Mr. Williams cannot show that the broken floor tile presents an unreasonable risk of harm. Walmart provided declarations from the Asset Protection Operations Coach at store #549 and from a licensed professional engineer to show that the broken floor tile was not unreasonably dangerous.[7] Walmart further argues that Mr. Williams cannot meet his burden of proof because he has offered no evidence to support his case.[8]

---

[7] (Walmart's Motion for Summary Judgment, ECF Doc. No. 24-1).
[8] (Walmart's Motion for Summary Judgment, ECF Doc. No. 24-1).

### i. The Utility of the Complained-of Condition

As discussed in *Bradley*, when determining an unreasonable risk of harm, the court must first consider the utility of the complained-of condition. *Bradley*, 340 So. 3d at 23. A condition's utility is measured by its "indispensable, societal function." *Broussard v. Louisiana ex rel. Off. of State Bldgs.*, 113 So. 3d 175, 186 (La. 2013). For instance, sidewalks present a high social function because sidewalks allow for pedestrians to travel safely. *See Morell v. City of Breaux Bridge*, 660 So. 2d 882, 884 (La. App. 3d Cir. 1995). Here, the complained-of condition is a broken floor tile inside Walmart. The tile floor inside Walmart has a high social function as it allows individuals to walk and shop in the store safely and with ease.

### ii. The Likelihood and Magnitude of the Harm

Next, the court must consider the likelihood and magnitude of the harm. This factor can be determined by analyzing "the degree to which the [broken floor tile] will likely cause harm." *Farrell v. Circle K Stores, Inc.*, 359 So. 3d 467, 474 (La. 2023). Other considerations in determining this factor include the size of the height deviation, and if there have been other incident reports related to the complained-of condition. *See Chambers v. Village of Moreauville*, 85 So. 3d 593, 598-99 (La. 2012). "The more obvious the risk, the less likely it is to cause injury because it will be avoided." *Farrell,* 359 So. 3d at 474.

Although there are factual differences in the jurisprudence, the analysis in most trip and fall cases often turns on the height of the deviation of the complained-of condition. Regardless of whether it was a sidewalk, parking lot, or floor mat, a vertical deviation that is too small is insufficient to present a risk of harm. *See, e.g., Borruano v. City of Plaquemine*, 720 So. 2d 62, 65 (La. App. 1st Cir. 1998) ("There was no evidence to support a finding that a one-eighth inch deviation in the height of the surface between a floor mat and the floor surface constituted a

5

defective condition."); *Reed v. Wal-Mart Stores, Inc.*, 708 So. 2d 362, 365-66 (La. 1998) (determining that a height difference of one-fourth to one-half inch between concrete blocks in a parking lot is a "relatively small variance" and does not create an unreasonable risk of harm); *Chambers*, 85 So. 3d at 598 (internal citation omitted) ("Louisiana jurisprudence has consistently held that a one-and-one half inch deviation does not generally present an unreasonable risk of harm.").

In the instant case, measurements taken of the floor show that the broken portion of the tile had a height deviation of 1/8".[9] Walmart produced a declaration of Jeff Raley, a licensed professional engineer, who cites the American Society of Testing and Materials to establish that "[c]hanges in level may be up to *1/4" vertical* without edge treatment." (emphasis added).[10] Mr. Raley attests that a vertical height difference of 1/4" is permitted according to the 2010 Americans with Disability Act Standards for Accessible Design.[11] Based on these standards, he asserts that "an elevation change of 1/8" is unlikely to catch a person's shoe, especially that of an adult male."[12]

The court must also evaluate whether the complained-of condition was open and obvious. Walmart has provided the declaration of its Asset Protection Operations Coach, Adrien Arabie, who asserts that no other accidents involving the broken floor tile have been reported.[13] The lack of other incidents supports the conclusion that the complained-of condition was open and obvious to all.

---

[9] (Declaration of Adrien Arabie, ECF Doc. No. 24-5; Declaration of Jeff Raley, P.E., ECF Doc. No. 24-6).
[10] (Declaration of Jeff Raley, P.E., ECF Doc. No. 24-6, p. 10).
[11] (Declaration of Jeff Raley, P.E., ECF Doc. No. 24-6, p. 14; Excerpt of the Deposition of Demetrius Williams, ECF Doc. No. 24-3, p. 8).
[12] (Declaration of Jeff Raley, P.E., ECF Doc. No. 24-6, p. 2).
[13] (Declaration of Adrien Arabie, ECF Doc. No. 24-5, p. 2).

### iii. The Cost of Preventing the Harm

The third factor for consideration is the cost of preventing the harm created by the broken floor tile. The record does not contain evidence that allows for a conclusive determination; however, the declaration of Walmart's Asset Protection Coach referenced a spare tile of the "same type" as the subject tile that he utilized for measurements.[14] Mr. Arabie also stated that the spare tile was "leftover from when the floors were installed at Walmart." These facts provide evidence that the cost of replacing the broken tile would be relatively low.

### iv. Nature of Plaintiff's Activity

The final factor of the risk-utility balancing test is to analyze the nature of the plaintiff's activity. At the time of the incident, Mr. Williams was shopping.[15] This activity aligns with what a customer is expected to do while visiting Walmart and the Court concludes that this activity is not inherently dangerous.

## III. CONCLUSION

Having weighed the foregoing factors, the Court concludes that there is no genuine issue of material fact and the broken floor tile did not present an unreasonable risk of harm. Accordingly, Walmart is entitled to judgment as a matter of law.

For the reasons set forth above,

Wal-Mart Louisiana, LLC's Motion for Summary Judgment (ECF Doc. No. 24). is **GRANTED**, and Plaintiff's claims against it are hereby **DISMISSED WITH PREJUDICE**. A judgment consistent with this ruling shall be issued accordingly.

_____
**JERRY EDWARDS, JR**
**UNITED STATES DISTRICT JUDGE**

---

[14] (Declaration of Adrien Arabie, ECF Doc. No. 24-5; Declaration of Jeff Raley, P.E., ECF Doc. No. 24-6).
[15] (Excerpt of the Deposition of Demetrius Williams, ECF Doc. No. 24-3, p. 6).